In re KORS, INC., Debtor.

RUTLAND INDUSTRIAL DEVELOP-
MENT CORPORATION, Plaintiff,

v.

KORS, INC., Defendant.

Bankruptcy No. 80–00255.
Adv. No. 81–0116.

United States Bankruptcy Court,
D. Vermont.

Aug. 27, 1981.

James S. Abatiell, Rutland, Vt., for Rut-
land Indus. Development Corp.

Peter H. Banse and Paul S. Kulig, Rut-
land, Vt., for debtor.

Bernard R. Dick and William C. Dagger,
Rutland, Vt., for The Howard Bank.

John Paul Faignant, Rutland, Vt., for
Rextrusion Systems, Inc.

Dennis I. Greene, Boston, Mass., and
Charles H. Gibbs, Jr., Charleston, S. C., for
First Nat. Bank of Boston.

Michael Bancroft, Chairman of Creditors' Committee.

## FINDINGS, MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

This is an adversary proceeding in which Rutland Industrial Development Corporation is seeking relief from stay or adequate protection under a Complaint filed July 14, 1981. This matter came on for hearing on July 22, 1981.

### FACTS

Rutland Industrial Development Corporation as landlord and the Debtor, Kors, Inc., as tenant entered into a written Indenture of Lease dated December 29, 1978 under which the landlord demised to the Debtor lands and premises more particularly described as follows:

"The 'Machine Shop' building, including 30,000 square feet of space, and the parking and access ways, all hereinafter refered to as the Demised Premises, ___"

Under an Addendum to said lease executed by the landlord and tenant the basic annual rent was as follows:

1979—$42,330.00
1980—$47,330.00
1981—$57,330.00

The Debtor has been in default under said lease and the total sum claimed by the landlord is $96,614.24. Part of this rent was for a period prior to the filing on November 24, 1980 of the Petition for Relief under Chapter 11.

Since the filing of said Petition the Debtor has not paid any rent and the amounts due beginning November 24, 1980 are as follows:

| | |
|---|---|
| November 24, 1980 to December 1, 1980 | $ 159.61 |
| December, 1980 | 4,799.58 |
| January, 1981 | 5,632.92 |
| February, 1981 | 5,632.92 |
| March, 1981 | 5,632.92 |
| April, 1981 | 5,632.92 |
| May, 1981 | 5,632.92 |
| June, 1981 | 5,632.92 |
| July, 1981 | 5,632.92 |
| August, 1981 | 5,632.92 |
| Total | $50,022.55 |

The Debtor in its Schedules and its Amended Disclosure Statement has recognized that it owes rent to Rutland Industrial Development Corporation.

### DISCUSSION

The Plaintiff by its Complaint for Relief from Stay is seeking payment of rent under its lease with the Debtor and in the event that such payment is not made it requests possession of the premises. As to rent which became due prior to the date of the filing of the Petition for Relief under Chapter 11 the Debtor is not entitled to relief under its Complaint although it may have some other remedy.

It is obvious that the Debtor by the continuation of business under Chapter 11 is obligated to pay rent as an operating expense and the Plaintiff as landlord should not be required to furnish premises rent free. The Debtor should not be permitted to receive the fruits of its operation while at the same time it ignores the obligations which it has incurred in conducting the business under Chapter 11.

Section 362 of the Bankruptcy Code which provides for an automatic stay against the commencement of any actions on a claim does not apply to any obligations arising after the commencement of the bankruptcy proceeding. The payment of rent to a landlord which is incurred by a debtor after the filing of a petition is an administrative expense the same as a claim for utilities furnished during the same period. It may be, however, that the automatic stay under § 362 does apply to the attempt of the plaintiff to obtain possession of property of the estate. Under this section the filing of a petition operates as an automatic stay, applicable to entities, of any act to obtain possession of property of the estate or of property from the estate, or of any act to create, perfect or enforce any lien against property of the estate. However, on request of a party in interest and, after notice and a hearing, the Court shall grant relief from the stay such as by terminating, annulling, modifying or conditioning such stay with respect to a stay of an act against property if the Debtor does not have an

equity in such property and such property is not necessary to an effective reorganization. § 362(d) of the Code. Under § 362(d)(1) the stay may be vacated for cause, including lack of adequate protection and the burden as to the existence of adequate protection is upon the party opposing relief. See § 362(g)(2).

■ The Debtor argues that the Plaintiff is not entitled to possession of the property since it has not established lack of equity. This argument fails for the reason that the Plaintiff as lessor is the owner of the property leased to the Debtor. The Debtor attempts to support its argument for lack of equity in the Plaintiff by construing the indenture of lease as an equitable mortgage. *Aldrich v. Lincoln Land Corporation, et als.*, 130 Vt. 372, 374, 294 A.2d 853 and *Tromblay v. Dacres*, 135 Vt. 335, 339, 376 A.2d 753 (1977).

It is true that in *Aldrich*, supra, the Vermont Supreme Court remarked that the legal title in the lessor involved in that case was viewed as a security interest held for the payment of the purchase money due with equitable title in the lessees. It cited *Weston v. Landgrove*, 53 Vt. 375, 378, which in fact was a case which did not involve a lease but one where the purchaser occupied a farm under a bond conditioned for delivery of a deed upon payment of the sums specified in it. Likewise, in *Tromblay v. Dacres*, supra, the Court applied the doctrine of equitable mortgage to agreements denominated as a "contract for a deed" or a "bond for a deed." In the instant case the instrument is definitely an indenture of lease and the payments made thereunder have been recognized as rent by the Debtor both in its schedules and its Amended Disclosure Statement. In effect, the Debtor has consistently treated the monthly payments for which it is obligated under the lease as rent and, therefore, in the continued operation of the business under Chapter 11 the rent incurred must necessarily be construed as an administrative expense.

■ At this late date, in view of its admissions in its Schedules and its Amended Disclosure Statement that the rent is one of the obligations of operating its business, the Debtor is estopped from claiming that the document in question is anything but a lease. The doctrine of equitable estoppel should be invoked against the Debtor, pointed out in 28 Am.Jur.2d 627, § 27:

"Equitable estoppel, or estoppel in pais, is a term applied usually to a situation where, because of something which he has done or has omitted to do, a party is denied the right to plead or prove an otherwise important fact. ___"

■ Under § 362(g)(2) of the Code the Debtor has the burden of proving that the Plaintiff has adequate protection and this it has failed to do. Likewise, under this section the Debtor has the burden of proving that the property leased from the Plaintiff is necessary for an effective reorganization. As to this Kors, Inc., is in the same position as the Debtor in the case of *In Re Clark Technical Associates, Ltd.*, 9 B.R. 738, 3 C.B.C.2d 905 (Bkrtcy.D.Conn.) where the Court said at page 740, 3 C.B.C.2d 908:

"The debtor, on the other hand, failed to satisfy its burden of proof, imposed under Code § 362(a)(2), as to all other issues under Code § 362(d). It is not enough for a debtor to argue that the automatic stay should continue because it needs the secured property in order to propose a reorganization. If this were the test all property held by debtors could be regarded as necessary for the debtors' reorganization. The key word under Code § 362(d)(2)(B) is 'effective'; the property must be necessary to an effective reorganization. If all the debtor can offer at this time is high hopes without any financial prospects on the horizon to warrant a conclusion that a reorganization in the near future is likely, it cannot be said that the property is necessary to an 'effective' reorganization. *In re Terra Mar Associates*, 3 B.R. 462 (B.C.Conn.1980); *In re Riviera Inn of Wallingford, Inc.*, C.C.H. ¶ 67,726 (B.C. Conn.1980); *In re Hutton-Johnson Co. Inc.*, 6 B.R. 855 (S.D.N.Y.1980)."

This Court on August 14, 1981 entered an Order converting the Chapter 11 Proceeding to one for liquidation under Chapter 7. One of the grounds for doing so is that the Debtor is unable to effectuate a Plan of Reorganization.

It follows that RIDC is entitled to the payment of rent from November 24, 1980. In accordance with the foregoing the automatic stay should be conditioned.

ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED as follows:

1. The automatic stay shall remain in effect provided that the Debtor does pay Rutland Industrial Development Corporation not later than September 15, 1981 the sum of $50,022.55 representing the rent due from November 24, 1980 to September 1, 1981 and shall also continue to pay to RIDC on the first of each month after September 1, 1981 the monthly rent due under the aforesaid lease.

2. In the event that the Debtor fails to make the payments as hereinabove provided or defaults in the payment of any monthly installments of rent hereafter, then the automatic stay shall be considered lifted as of the date of the failure of payment or the date of the default and RIDC shall be authorized to pursue any remedy it may have for the collection of the rent, including the eviction of the Debtor from the premises.