In the Matter of ISIS FOODS, INC., Debtor.

FLINT HILLS FOODS, INC., Plaintiff,

v.

William VON DER AHE, Trustee and B. A. Commercial Corporation, Defendants.

Bankruptcy No. 82–00209–3–11.
Adv. No. 82–0504–3–11.

United States Bankruptcy Court, W. D. Missouri, W. D.

April 5, 1982.

John J. Williams, III, Kansas City, Mo., for plaintiff.

Arthur B. Federman, Kansas City, Mo., for William Von Der Ahe.

Frank W. Koger, Kansas City, Mo., for B. A. Commercial Corp.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT DIRECTING THE DEFENDANT FORTHWITH TO PAY THE SUM OF $22,677.61 TO PLAINTIFF AND ORDER DENYING STAY PENDING APPEAL

DENNIS J. STEWART, Bankruptcy Judge.

On March 29, 1982, this action came before the court of bankruptcy on the request of the plaintiff for an "expedited" hearing and for "immediate" payment of monies due for goods sold and delivered to the debtor after the commencement of the chapter 11 proceedings. The plaintiff then appeared by John J. Williams III, Esquire, its counsel, and the defendant trustee appeared personally and by Arthur B. Federman, Esquire, his counsel, and the defendant B. A. Commercial Corporation appeared by Frank W. Koger, Esquire, its counsel.

The evidence then adduced demonstrated without contradiction that the plaintiff, after the date of commencement of these chapter 11 proceedings, while the debtor was still in possession and before the appointment of the trustee, sold and delivered to the debtor certain goods of a value of $22,677.61. This was done under an agreement made with the former president of the debtor, Harold Barash, who at that time was still the chief executive officer of the chapter 11 entity. The agreement was that, for goods delivered on the course of any week, payment was due and owing the following Monday and would then be made.

The goods which are the subject matter of this action were all delivered to the debtor-in-possession in a relatively short period of time, from January 22, 1982, through February 16, 1982. At the instance of the plaintiff, Mr. Barash purported to follow through on his agreement by delivering a check on the debtor-in-possession dated February 10, 1982, in partial payment of the obligation in the sum of $7706.00, but it was not honored by the drawee bank because of insufficient funds. Shortly thereafter, the plaintiff ceased its deliveries of goods to the debtor-in-possession. Later, Mr. Barash was replaced as the chief executive officer of the corporation by the defendant Von Der Ahe, as trustee in bankruptcy.

Under these circumstances, this court concludes that payment must be made to the plaintiff of the $22,677.61 forthwith in accordance with the agreement undeniably made by Mr. Barash while he was serving as the chief executive officer of the chapter 11 debtor-in-possession. In such position, he was explicitly granted by the unequivocal terms of the Bankruptcy Code the power to transact business on behalf of the chapter 11 entity. See §§ 1107–1108 of the Bankruptcy Code, under which the debtor's business is permitted "to continue to be operated, unless the court orders otherwise," and "the power granted to a trustee under [§ 1108] is one of the powers that a debtor-in-possession acquires by virtue of . . . § 1107." Legislative History of § 1108 of the Bankruptcy Code. There is no restriction on such powers, unless the court orders otherwise.

Thus, for the court initially to grant the chief executive officer this unqualified power to operate the business and the necessary power to make agreements to pay expenses as they currently arise and then, later, to refuse to enforce those agreements according to their clear and admitted terms would be a fraud upon those who are encouraged under the aegis of the bankruptcy court to do business with a chapter 11 debtor. The proposition is too fundamental that the bankruptcy court should not and cannot make itself a party to such a fraud. And

such would stultify the purpose and intent of the foregoing provisions of the modern bankruptcy law, which is to encourage the rehabilitation of an honest chapter 11 entity, rather than to permit that entity to victimize those who attempt to fulfill the purpose of rehabilitation by doing business with the chapter 11 debtor. If the agreement were not enforced, the word would rapidly go forth that no person might safely do business with a chapter 11 entity, regardless of the assurances given him by that entity, and all the rest of the provisions of that chapter would accordingly become an unusable dead letter.

In this action, however, the defendant B. A. Commercial Corporation argues that, in granting it a superlien on the accounts receivable of the debtor at the inception of these chapter 11 proceedings, the court in fact placed qualifications on the debtor's right to do business and to dispose of the proceeds of accounts receivable which must now be utilized to pay this judgment. But the avowed and explicit purpose of the debtor-in-possession and B. A. Commercial Corporation in entering into the agreement respecting the superlien was to free some of the proceeds of accounts receivable to defray operating expenses. And the indebtedness incurred to plaintiff for goods sold and delivered must now be regarded as one of the operating expenses which was thereby and in that manner intended to be paid.

Counsel for the trustee contends (1) that the indebtedness, if allowed as an administrative expense, should nevertheless be postponed for payment *pro rata* with other administrative expenses of equal rank and (2) that the indebtedness cannot be charged to an entity now in the charge of the current trustee, who has paid operating expenses as they arise. The former contention would defeat the principles of law, equity and justice above set forth and must accordingly be denied. As to the latter contention, it can only be observed that the identity of the chapter 11 entity is not eradicated or changed by the appointment of a trustee to the extent that it can ignore the bills due and owing for its prior operations.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the defendant Von Der Ahe, in his capacity as trustee for Isis Foods, Inc., forthwith pay the sum of $22,677.61 to the plaintiff.

The defendant Von Der Ahe has orally requested a stay pending appeal pursuant to Rule 805 of the Rules of Bankruptcy Procedure. Because a stay would frustrate immediate payment and thereby render the whole substance of this judgment nugatory, it is hereby

ORDERED that the request of the defendant Von Der Ahe for a stay pending appeal be, and it is hereby, denied.