### In the Matter of ISIS FOODS, INC., Bankrupt.

### William VON DER AHE, Trustee, and BA Commercial Corporation, Appellants,

v.

### FLINT HILLS FOODS, INC., Appellee.

Bankruptcy No. 82–00209–3–11.

Nos. 82–0292–CV–W–5, 82–0323–CV–W–5.

United States District Court,
W.D. Missouri, W.D.

Oct. 18, 1982.

J.J. Williams, III, Kansas City, Mo., for Flint Hills Foods, Inc.

A.B. Federman, Kansas City, Mo., for appellants.

## ORDER

SCOTT O. WRIGHT, District Judge.

This is an appeal of a final judgment of the Bankruptcy Court ordering the Trustee, Von Der Ahe, to make immediate payment of administrative expenses to Flint Hills Foods, Inc. ("Flint Hills"). Appellants Von Der Ahe and BA Commercial Corporation ("BA") have filed separate appeals alleging the same errors. The two appeals have been consolidated before this Court. The appellants contend that the Bankruptcy Court erred when it permitted administrative expenses to be paid prior to the effective date of a plan of reorganization and when it permitted the payment of administrative expenses to a person other than a holder of a super lien without the approval of the super lien holder. For the reasons which follow, the final judgment of the Bankruptcy Court is affirmed. 19 B.R. 329.

### I.

On January 11, 1982, the Debtor, Isis Foods, Inc. ("Isis") filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. As a debtor-in-possession, Isis operated the business until the Trustee took over the operation of the business on February 22, 1982. During the period between January 22, 1982 and February 16, 1982, Flint Hills delivered meat products worth $22,677.61 to Isis. The meat was furnished by Flint Hills upon an agreement with Isis that payment for the meat would be made immediately. The committment on the part of Isis to tender immediate payment for the meat was approved by a representative of BA. The representative informed agents of Flint Hills that payment could be made immediately because BA was funding Isis.

After the meat products were delivered to Isis, Isis sent a check in the amount of $7,706.00 to Flint Hills in partial payment for the meat. The check was returned, however, because the account of Isis lacked sufficient funds to honor it. Flint Hills then requested the Trustee to pay the $22,-677.61 bill. The Trustee refused.

Flint Hills filed an "Application for Determination and Payment of Administrative Expenses" with the Bankruptcy Court on March 19, 1982. By its application, Flint Hills requested that the $22,677.61 debt be designated as an administrative expense and, as an administrative expense, be paid immediately. At a March 30, 1982 hearing conducted by the Bankruptcy Court, the parties all agreed with the Bankruptcy Court that the $22,677.61 should be designated as an administrative expense incurred in the ordinary course of a debtor's business. The Trustee and BA, however, disagreed with the Bankruptcy Court's decision ordering the Trustee to promptly pay Flint Hills the money Flint Hills is owed by Isis.

### II.

BA and the Trustee have offered two reasons in support of their contention that payment of the administrative expense to Flint Hills cannot be made immediately. Each requires a separate analysis.

#### A. *Proper Timing of Payment.*

Administrative expenses may be paid prior to the date on which a plan of reorganization becomes effective. The time of payment is wholly within the discretion of the Bankruptcy Court. *In re Fireside Office Supply Co.,* 5 C.B.C.2d 111 (Bkrtcy.D. Minn.1981); *In re Kors, Inc.,* 13 B.R. 683, 5

C.B.C.2d 872 (Bkrtcy.D.Vt.1981); *In re Hawaii Mini-Storage Systems,* 2 C.B.C.2d 151 (Bkrtcy.D.Hawaii 1980); *In re Standard Furniture Co.,* 3 B.R. 527, 2 C.B.C.2d 274 (Bkrtcy.S.D.Cal.1980). *See also In re Callister,* 15 B.R. 521, 5 C.B.C.2d 1058, 1075 n. 38 (Bkrtcy.D.Utah 1981). Placing the time of payment within the parameters of the Bankruptcy Court's sound discretion is consistent with the underlying tenets of modern bankruptcy law which encourages the rehabilitation of an honest Chapter 11 entity. To hold otherwise would be to permit the entity to victimize those who attempt to fulfill the purpose of rehabilitation by doing business with a Chapter 11 debtor.

The Appellants' reliance on 11 U.S.C. § 1129 in support of the proposition that no administrative expenses can be paid prior to the date on which a plan of reorganization becomes effective is not firmly placed. Section 1129(a)(9) does not require that payment of administrative expenses be made only at the effective date of the plan; rather, that section simply provides that the payments commence, at least, by that date. Additionally, the Appellants' narrow construction of Section 1129(a)(9) is undermined by their acknowledgment that other debts incurred in the ordinary operation of the Debtor's business have been paid as administrative expenses. They have asserted no objection to those payments. The Appellants cannot have it both ways.

Since the Appellants have cited no authority to the contrary, this Court must affirm the Bankruptcy Court's holding that administrative expenses may be made prior to date on which a plan of reorganization becomes effective.

B. *Proper Order of Payment.*

█ The Bankruptcy Court may order payment of administrative expenses out of funds that a secured lender has been expressly granted a super lien. Though the Appellants assert that the contrary is true, they have cited no authority in support of their contention and have taken actions which run counter to their alleged position. A representative of BA assured Flint Hills that Flint Hills would be promptly paid for the meat delivered to Isis. That assurance demonstrates that BA was not expecting its super lien to override monies paid out as administrative expenses in the ordinary course of the Debtor's business. In addition, BA has not asserted its status as a super lien holder against the payment of other administrative expenses.

Since Appellants have cited no authority to the contrary, the Court must affirm the Bankruptcy Court's holding that administrative expenses may be paid out of funds that a secured lender has been expressly granted a super lien.

III.

Accordingly, it is hereby

ORDERED that the judgment of the Bankruptcy Court is affirmed. It is further

ORDERED that the Appellants bear the costs of this proceeding.