**In re DAVE NOAKE, INC., Debtor.**

**DAVE NOAKE, INC., Plaintiff,**

v.

**HAROLD'S GARAGE, INC., Defendant.**

**Bankruptcy No. 84–64.**
**Adv. No. 84–0059.**

United States Bankruptcy Court,
D. Vermont.

Dec. 7, 1984.

Lisa Chalidze, Benson, Vt., for debtor-plaintiff.

Stephen Alan Dardeck, Rutland, Vt., for defendant.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The matter is before the court on the complaint of the Debtor, Dave Noake, Inc., (Noake) to recover certain monies paid to Harold's Garage, Inc., (Harold's) subsequent to the commencement of this voluntary reorganization case. The facts are not in dispute.

## FACTS

Noake is a haulage contractor who operates several tractor trailers. Harold's is an automotive garage in Massachusetts. On March 28, 1984, the Massachusetts State Police requested Harold's to remove from a public highway a tractor-trailer (vehicle) belonging to Noake that had been immobilized in a vehicular accident. The same day, Harold's towed the vehicle to its place of business.

On April 6, 1984, Harold's notified Noake as to the location of the towed vehicle and as to the towage and storage charges accrued and accruing.

On April 10, 1984, Noake commenced this reorganization case.

On June 7, 1984, Noake paid Harold's $2,587.50 in satisfaction of the towage and storage charges and took possession of the vehicle.

## DISCUSSION

Noake brings this action under Bankruptcy Code (Code) section 549 which, in conjunction with code section 1107, enables the debtor in possession to avoid a post-petition transfer of property of the estate if such transfer is not authorized under the Code. As Harold's concedes that the $2,587.50 payment was a post-petition transfer of property of the estate, the issue is whether such payment is authorized under the Code. The court finds that the payment was authorized as to part of the monies paid and was not authorized as to part of the monies paid. At the same time, the court declines to set the transaction aside to permit Noake to recover any of the monies paid.

As a general rule, the post-petition payment of a pre-petition debt is recoverable by the debtor in possession under Code section 549. *See, e.g., Matter of B & W Enterprises*, 19 B.R. 421 (Bankr.D.Idaho 1982), *aff'd* 713 F.2d 534 (1983). Thus, the payment as to the pre-petition towage charge and as to the storage charges which accrued before the date of the commencement of this case on April 10, are the type of post-petition payment of pre-petition debt generally avoidable under Code section 549. Charges for post-petition services rendered or goods delivered to the debtor in possession in the ordinary course of business are not within the purview of Code section 549. *See, e.g., Flint Hills Foods, Inc. v. Von Der Ahe*, 19 B.R. 329 (Bankr.W.D.Mo.1982), *aff'd*. 27 B.R. 156 (W.D.Mo.1982). Thus, as charges for post-petition services rendered in the ordinary course, the storage charges which accrued after bankruptcy day are not avoidable under Code section 549.

However, in that the Massachusetts State Police placed Noake's vehicle in Harold's care, Harold's had a statutory lien on the vehicle for all charges billed and paid. In this regard Massachusetts General Laws, chapter 255, section 25, provides:

Persons maintaining public garages for the storage and care of motor vehicles brought to their premises or placed in their care by or with the consent of the owners thereof and persons engaged in performing work upon or in connection with the inspection, reconditioning and repairing of motor vehicles shall have a lien upon such motor vehicles for proper

charges due them for the storage, work and care of the same.

If the owner of such motor vehicle obtains possession of the same by fraud, trick or by check, draft or other upon any depository or bank which is not honored, the lien on said motor vehicle shall not be deemed to have been discharged and the lien holder may thereafter continue to enforce said lien until the proper charges due him have been paid.

Noake as owner of the vehicle disputes that the vehicle was placed in Harold's care with Noake's consent. The argument fails. By operating the vehicle on the public roads of Massachusetts, Noake's consent to lawful emergency action undertaken by the Massachusetts State Police in furtherance of public safety on the highways is to be implied.

■ Assuming *arguendo* that Noake's consent is not to be implied as to (Massachusetts) section 25, Harold's nevertheless had a statutory lien on the vehicle for all charges billed and paid. Massachusetts General Laws, chapter 255, section 39A, provides:

Any motor vehicle removed from the scene of an accident and placed for storage in the care of a garage ... by a member of the state police force ... shall be so stored at the prevailing rates....

[T]he owner of the garage shall notify the registered owner of the motor vehicle ... that such motor vehicle has been placed in his care ... and shall inquire if he is to continue to hold the motor vehicle subject to such storage rates.

If the registered owner of the motor vehicle assents to the continued storage of such motor vehicle, the owner of the garage shall continue to hold said motor vehicle in storage and shall have a lien thereon, as provided in section twenty-five.

Noake received notice on April 6 that Harold's held the vehicle in its care pursuant to police authorization. Two months later, Noake acted to obtain possession of the vehicle. On these facts, Noake assented to the continued storage of the vehicle, and Harold's obtained its lien under (Massachusetts) section 39A.

For the reason that Harold's had a lien, Noake's payment of charges to obtain possession of the vehicle did not violate the purpose of Code section 549. That purpose is to ensure that similarly situated pre-petition creditors are treated even-handedly. In the instant matter, Harold's as a perfected lienor was secured to the full extent of the charges billed and paid. Therefore, the $2,587.50 payment did not occasion any detriment to any creditor. Thus, the rationale of the case in the *Matter of B & W Enterprises, Inc., supra*, and similar cases dealing with post-petition payments to unsecured creditors on account of pre-petition debts, is not apposite.

Technically, Noake should not have made the payment without court authorization. Nevertheless the court is not going to undo the transaction, for the reason that Noake was bound to pay, sooner or later, Harold's charges. Further, to restore Harold's to its pre-transaction position would require that Harold's be restored to the position of a perfected secured creditor holding a presently enforceable lien. The court sees little point in generating a flurry of paperwork to achieve the same result as has been achieved by Noake's payment of the $2,587.50.

### ORDER

Upon the foregoing,

IT IS ORDERED that the complaint of Dave Noake, Inc., to recover the post-petition transfer of $2,587.50 to Harold's Garage, Inc., is DISMISSED.