**In re Earl D. WILSON a/k/a Earl Wilson, Wilson Properties, Ltd., Debtor.**

**William L. DAVIS, Successor Trustee, Plaintiff,**

v.

**VALLEY FEDERAL SAVINGS AND LOAN, Defendant.**

Bankruptcy No. 3–83–00848.
Adv. No. 3–85–1019.

United States Bankruptcy Court,
E.D. Tennessee.

Sept. 19, 1985.

Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, William S. Lockett, Jr., Knoxville, Tenn., for plaintiff.

Weller, Miller, Carrier, Miller & Hickie, Samuel B. Miller, II, Johnson City, Tenn., for defendant.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

At issue is whether a payment made between the filing of an involuntary petition and the entry of an order for relief against a prepetition note is avoidable. The trustee contends the payment is clearly a postpetition payment avoidable under 11 U.S.C.A. § 549 (1979). Defendant asserts that the payment is not avoidable because it was applied against a secured note.

## I

On February 11, 1983, Earl Wilson and his wife, Harriette Wilson, executed their adjustable rate note for $240,000 principal,

---

plus interest, to the order of defendant Valley Federal Savings and Loan Association. The note, requiring initial monthly payments of $2,572.80, was secured by a contemporaneous deed of trust against two jointly owned lots in Washington County, Tennessee. Defendant's deed of trust was recorded on February 14, 1983.

On May 26, 1983, an involuntary bankruptcy petition was filed against Earl Wilson. The petition was sustained and an order for relief under chapter 7 was entered on August 3, 1985.

The trustee seeks to avoid the transfer to defendant of $2,572.80 by a check signed by Harriette Wilson[1] and dated May 27, 1983, the day after the filing of the involuntary petition. In its answer, defendant admitted the allegation of paragraph four of the trustee's complaint, which recites:

> 4. Earl D. Wilson transferred certain of *his property* to or for the benefit of the Defendant after the commencement of this case but before the order for relief was entered. The transfer was as follows:
>
> > (a) On or about May 27, 1983, Earl D. Wilson transferred or caused to be transferred to the Defendant the sum of Two Thousand Five Hundred Seventy-Two and 86/100 ($2,572.86). (emphasis added)[2]

On January 6, 1984, defendant filed a motion requesting modification of the automatic stay in debtor's bankruptcy case. Defendant averred that the February 11, 1983, note of the debtor and Harriette Wilson was in default; that the unpaid balance on the note was $252,463.61; and that there was no equity for the estate in the two lots securing the note since the fair market value of the lots was only $250,000.

In his reply to the motion for relief from the automatic stay, the original trustee averred the two lots securing the February 11, 1983, note were owned by debtor and Harriette Wilson as tenants by the entireties and that he did not believe the debtor's survivorship interest had any realizable value for the estate. Hence, the original trustee admitted the automatic stay should be modified to permit foreclosure. An order was entered February 15, 1984, modifying the automatic stay to permit defendant to foreclose against the two lots.

## II

Bankruptcy Code § 549, prior to amendment in 1984, provided in part:

*Postpetition transactions*

(a) Except as provided in subsection (b) and (c)[3] of this section, the trustee may avoid a transfer of property of the estate—

> (1) that occurs after the commencement of the case; and

> (2)(A) that is authorized under section 303(f) or 542(c) of this title; or

> (B) that is not authorized under this title or by the court.

(b) In an involuntary case, a transfer that occurs after the commencement of such case but before the order for relief is valid against the trustee to the extent of any value, including services, but not including satisfaction or securing of a debt that arose before the commencement of the case, given after the commencement of the case in exchange for such transfer, notwithstanding any notice or knowledge of the case that the transferee has.

.        .        .        .        .

Further, the trustee introduced a signature card for the account against which the $2,572.80 check was drawn. The name blank of the signature card recites "Earl D. Wilson Harriet H. Wilson."

---

1. The trustee testified that he believes the check was drawn against an account jointly owned by the debtor and Harriette Wilson.

2. At trial defense counsel argued defendant did not admit that the $2,572.80 it received was property of the debtor's estate. This argument is inconsistent with defendant's admission that the $2,572.80 was the property of Earl Wilson.

3. The exception provided by subsection (c), pertaining to real estate transfers, is inapposite.

Based on defendant's admission and the evidence adduced at trial, the $2,572.80 transferred postpetition to the defendant was property of the debtor's estate. The transfer is outside the scope of the exception to avoidability provided by subsections (b) and (c) of § 549. Further, the fact that the postpetition payment was applied to a secured note does not prevent avoidability. The postpetition payment reduced the cash property of the estate without any corresponding increase in equity in the two lots for the benefit of the estate. Compare *Dave Noake, Inc. v. Harold's Garage, Inc.,* 45 B.R. 555 (Bankr.D.Vt.1984) (postpetition payment against prepetition claim of garageman to obtain possession of vehicle not avoidable under § 549 because garageman had statutory lien).

This Memorandum constitutes findings of fact and conclusions of law, Bankruptcy Rule 7052.