In the Matter of Gary Keith CARLSON and Lorie Sue Carlson, Debtors.

**Hugh A. MINER, Trustee in Bankruptcy, Plaintiff,**

v.

**ALBANY STATE BANK, Defendant.**

Bankruptcy No. 84–00017–SJ.
Adv. A. No. 85–0221–SJ.

United States Bankruptcy Court,
W.D. Missouri,
St. Joseph Division.

Oct. 24, 1985.

Hugh A. Miner, St. Joseph, Mo., Trustee in Bankruptcy.

Michael L. Taylor, St. Joseph, Mo., for defendant.

Jere Loyd, St. Joseph, Mo., for debtors.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT FOR PLAINTIFF TRUSTEE

DENNIS J. STEWART, Bankruptcy Judge.

The plaintiff trustee in bankruptcy brings this action to recover the sum of $35,000 from the defendant bank on the grounds that the same amount was transferred to the defendant by the debtor Gary Carlson after the inception of these title 11 proceedings without the prior authorization of the court required by § 549(a) of the Bankruptcy Code. The action came on before the court for hearing of its merits on October 4, 1985, whereupon the plaintiff appeared personally and as his own counsel and the defendant appeared by Michael L. Taylor, Esquire, its counsel. The evidence which was then adduced demonstrated that, on January 3, 1984, the debtors filed their within petition for relief under chapter 11 of the Bankruptcy Code; that thereafter, as debtors-in-possession under that chapter of the Bankruptcy Code, the debtors entered into an agreement with the defendant bank whereby the bank would extend credit to the debtors; that the substance of this agreement was approved by this court in its order of April 24, 1985; that, in connection with the making of this agreement, the defendant bank ultimately made it a prerequisite to the extension of postpetition credit that the debtors obtain crop insurance coverage to the extent of $50,000, payable upon receipt by the debtors to the defendant bank on account of the debtors' outstanding prepetition debt to the defendant bank; that, pursuant to this agreement, the defendant bank, over the life of the chapter 11 proceedings which foreran the chapter 7 case, extended some

$22,913.99 in credit to the debtors; that the debtors paid this entire sum back to the bank while the chapter 11 proceedings were still in force; that, in addition, some $35,000.00 in insurance benefits on account of the abovementioned policy was paid to the debtors who, without court approval but in accordance with their agreement with the defendant bank, endorsed the checks in that amount to the order of the defendant bank.

■ It seems clear to this court that the postpetition transfer was without the court authority which is made necessary by § 549(a) of the Bankruptcy Code to legitimize it.[1] The files and records in this case show with conclusivity that the agreement regarding insurance was never presented to the court for approval.[2] The postpetition transfer was thus effected without the authority of the bankruptcy court and is therefore avoidable by the trustee under the provisions of § 549(a), *supra*. Our district court has made it clear that *advance* authorization of the bankruptcy court is

necessary if postpetition payments are to be made on prepetition debts. *Matter of Isis Foods*, 37 B.R. 334 (W.D.Mo.1983).[3] Accordingly, the judgment must issue in favor of the plaintiff trustee in bankruptcy.

■ It is the defendant's contention that, because the right to receive the insurance benefits accrued to the debtors after the date of the filing of the title 11 petition by them, it is not property of the estate. But § 541(a)(7) of the Bankruptcy Code explicitly includes in the bankruptcy estate "[a]ny interest in property that the estate acquires after the commencement of the case." It is the clear letter of this statute which prevails over the defendant's contention that the $35,000.00 was not property of the estate. The defendant cites a decision made with respect to a chapter 13 case in support of its contention in this regard.[4] But the statutes governing the nature and character of a chapter 13 estate, and making only the chapter 13 debtor's *regular* income or commissions subject to payment under the plan and thereby controllable by

1. "[T]he trustee may avoid a transfer of property of the estate ... that occurs after the commencement of the case; and ... is not authorized under this title or by the court." Section 549(a)(2)(B) of the Bankruptcy Code.

2. No copy of any agreement respecting a duty of the debtor to obtain insurance is attached to the application and other papers underlying the court's order of April 24, 1984, and certainly there is no indication in the order of April 24, 1984, that insurance proceeds would be used to pay prepetition debts.

3. "Prepetition creditors are to be paid under a plan, proposed to and accepted by creditors and confirmed by the Bankruptcy Court." *B & W Enterprises, Inc., v. Goodman Oil Co.*, 19 B.R. 421, 425 (Bkrtcy.W.Idaho 1982). Otherwise, such "proposed transfers could be presented in advance to a bankruptcy court for its approval and would thereafter be insulated from attack under section 549" and the bankruptcy court should not "consider ... [approving] the payments some twelve months after the fact." *Matter of Isis Foods, Inc.*, 37 B.R. 334, 336 (W.D.Mo. 1984).

4. In the case relied on by the defendant, *In re Hannan*, 7 C.B.C 2d 750, 24 B.R. 691 (Bkrtcy.W. D.N.Y.1982), the court places principal reliance on § 1306(b) of the Bankruptcy Code, which

provides "that the debtor remains in possession of all property of the estate." *Id.* at 751. This provision makes the situation concerning after-acquired property signally different in chapter 13 proceedings from that which § 541(a)(7) effects in chapter 7 or chapter 11 cases. "[U]nder chapter 13, the creditors get only whatever the debtor agrees to devote to the repayment of their debts out of his future income." *Id.* Reliance is also placed on certain decisions made in chapter XI proceedings under the former Bankruptcy Act, *Miller v. Woolley*, 141 F.2d 837, 841 (9th Cir.1944), and *Wood v. Scott*, 180 F.2d 252 (6th Cir.1950), holding that a chapter XI estate does not include property obtained by the debtor after the filing of the petition. These holdings, however, are based upon the narrow scope of former § 70 of the Bankruptcy Act, under which "the trustee takes title [only] to assets belonging to the bankrupt as of the date of filing the petition in bankruptcy or of the original petition proposing the arrangement or plan." *Id.* at 253. But, as pointed out in the text, section 541(a)(7) changes this under the new Code. See *Matter of Wilson*, 694 F.2d 236, 238 (11th Cir.1982) ("Although we agree that section 541(a)(7) does not render every 'interest in property that the estate acquires after commencement of the case' available for the debtor's exemption claims, we find that section 541(a)(7) does bring into the estate every such interest not covered by a specific statutory provision mandating some other treatment.")

the court,[5] in this regard, are crucially different from those controlling chapter 11 cases. The latter statutory scheme grants the debtor-in-possession the power of a bankruptcy trustee to make contracts and thus to create obligations and entitlements which redound to the detriment or benefit, as is the case at bar, of the estate.[6]

Accordingly, it is hereby

ORDERED, ADJUDGED, AND DECREED that the defendant turn over the sum of $35,000.00 plus legal interest from the date of transfer to the plaintiff trustee within 45 days of the date of entry of this order.

---

**5.** See note 4, *supra.*

**6.** See *Matter of Isis Foods, Inc.,* 19 B.R. 329 (Bkrtcy.W.D.Mo.1982), affirmed, 27 B.R. 157 (W.D.Mo.1982).