**In re REAMS BROADCASTING CORPORATION, Debtor.**

**Bankruptcy No. 91–32993.**

United States Bankruptcy Court, N.D. Ohio, W.D.

March 2, 1993.

Thomas Zaremba, Toledo, OH, for Alta Lenders.

Thomas Schank, Toledo, OH, for Unsecured Creditors Committee.

David Wicklund, Toledo, OH, for debtor.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Richard R. Faist's First Application for Interim Compensation and Reimbursement of Expenses. Alta Holdings, Inc., aka Alta Lenders, (hereafter "Alta") a creditor and party in interest, filed an Objection in response to Mr. Faist's Application. At the hearing, the parties were afforded the opportunity to present evidence and arguments they wished the Court to Consider in reaching its decision. The Court has reviewed the written arguments of counsel, the relevant case and statutory law as well as the entire record of the case. Based on that review, and for the following reasons, the Court finds that Alta's Objection should be Sustained.

### FACTS

The facts do not appear to be in dispute. On July 23, 1991, Reams Broadcasting Corporation (hereafter "Reams") filed a voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code. Upon Reams' application, the Court authorized Richard R. Faist, C.P.A. (hereafter "Mr. Faist"), and the firm of KPMG Peat Marwick ("Peat Marwick"), to act as its accountants on October 10, 1991.

A Notice of Entry of Order of Plan Confirmation and of Deadline for Filing Requests for Administrative Expenses was entered by this Court on March 19, 1992. It was ordered by the Court that "any person claiming entitlement to an administrative expense pursuant to 11 U.S.C. § 503(b) file with the Court and serve upon counsel for the Debtor and all other parties requesting notice, on or before April 17, 1992, a request for payment of an administrative expense, or otherwise be barred from any requests for payment" of administrative expenses. A Certificate of Service of Mailing of Notice of Entry of Order of Plan Confirmation indicated that the Order was sent to Peat Marwick by certified mail on March 24, 1992. Within the Notice of Entry of Order was the Deadline for Filing Requests for Administrative Expenses. The deadline was April 17, 1992.

Nearly five months after the bar date, Mr. Faist filed his First Application for Interim Compensation and Reimbursement of Expenses on September 9, 1992. He asked for compensation of administrative

expenses incurred between October 29, 1991, and September 4, 1992. The request for the sum of Seventeen Thousand Four Hundred Five Dollars and Forty–Three Cents ($17,405.43) was for accounting services in connection with the Debtor's bankruptcy proceeding. Alta filed an objection to payment of Two Thousand Nine Hundred Twenty–Five Dollars ($2,925.00) for administrative expenses arising prior to the confirmation date, as they would be time barred. Alta did not object to administrative expenses of Fourteen Thousand Four Hundred Eighty Dollars and Forty–Three Cents ($14,480.43) for post-confirmation services provided by Mr. Faist.

### LAW

■ Jurisdiction must be conferred upon a Bankruptcy Court by statute. Pursuant to 28 U.S.C. § 157, there exists three categories of proceedings in bankruptcy: core proceedings; non-core and related proceedings; and non-core and unrelated proceedings. If the proceeding is designated as a non-core and related proceeding, the Bankruptcy Court may not issue a final order absent the consent of the parties. 28 U.S.C. § 157(c). Instead, the Bankruptcy Court must submit proposed findings of fact and conclusions of law to the District Court which may then issue a final judgment. The Bankruptcy Court lacks jurisdiction over any non-core and unrelated proceeding. 28 U.S.C. § 157(c).

■ Section 157 provides that Bankruptcy Judges may hear and determine all cases under Title 11 and all core proceedings arising in or related to Title 11 or arising in a case under Title 11, referred by District Court. The burden to prove that an issue is a core proceeding rests on the party seeking the Bankruptcy Court to assert jurisdiction. *In re Edwards*, 100 B.R. 973 (Bankr.E.D.Tenn.1989). Proceedings relating to the employment and compensation of professional persons are core proceedings under 28 U.S.C. § 157(b)(2)(A), since they involve administration of the estate. *In re Oliver's Stores, Inc.*, 79 B.R. 588, 590 (Bkrtcy.D.N.J.1987).

Administrative expenses are priority claims against an estate. 11 U.S.C. § 507(a)(1). Accordingly, it behooves all parties concerned to have such claims filed early to expedite the distribution of the estate to the creditors.

■ It is within the power of the Court to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this [bankruptcy] title. 11 U.S.C. § 105(a). Consistent with this power is the Court's authority to set deadlines for the submission of administrative expenses.

It has been established that the time of payment of administrative expenses is within the discretion of the Bankruptcy Court. *Matter of Isis Foods, Inc.*, 27 B.R. 156, 157 (W.D.Mo.1982); *In re Verco Industries*, 20 B.R. 664, 665, 9 B.C.D. 161 (Bkrtcy.App.Pan. 9th Cir.1982); *In re Standard Furniture Co.*, 3 B.R. 527, 532, 6 B.C.D. 270, 2 C.B.C.2d 274 (Bkrtcy.S.Cal. 1980).

> Placing the time of payment within the parameters of the court's sound discretion establishes a flexible system which allows consideration of such factors as the particular needs of each administrative claimant, the length and expense and the case's administration, and the amount of available assets, in determining fair and equitable interim distributions pending final resolution of the case.

*Matter of Isis Foods, Inc., supra* at 158.

■ Given that the Court has discretion to determine when administrative claims are to *be paid*, it naturally follows that it has the discretion as to when such claims should *be presented*. Case law bears this out, as set forth in *In re Holywell Corp.*, 68 B.R. 134 (Bkrtcy.S.D.Fla.1986). It that case, the creditor's administrative claim, asserted for the first time in an application filed in June 1986, was time barred by a September 1985 order requiring administrative claims to be filed no later than October 1985. Specifically, the Court ruled:

> The Order was clearly within the Court's reasonable discretion under § 105(a). It is essential that administrative claims, which are entitled to first priority in a

bankruptcy distribution, be established with finality before any distribution may be made to any subordinate classes of creditors. * * * Its establishment in this case was necessary, reasonable and authorized by § 105(a).

*Id.* at 137.

This Court agrees with the decision in *Holywell.* In order to facilitate the smooth administration of the Chapter 11 Reorganization, this Court imposed a deadline of April 17, 1992, for pre-confirmation administrative expenses. This deadline was communicated to all creditors when the Notice of Order of Confirmation of Plan for Reorganization was mailed.

There are two methods by which a Court may consider requests received past the bar date. In Bankruptcy Rule 9006(b)(1), the Court for cause shown may at any time in its discretion (1) enlarge the time period if the request is made before the expiration of the period prescribed, or (2) on motion after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

What constitutes "excusable neglect" is a matter generally left up to the discretion of the trial judge. *In re Yoder Co.,* 758 F.2d 1114 (6th Cir.1985). The Court's determination regarding whether excusable neglect exists will only be subverted upon a showing that the Trial Court abused its discretion. *In re Auto Specialties Mfg. Co.,* 133 B.R. 384 (Bkrtcy. W.D.Mich.1991) citing (*Graham v. Pennsylvania R.R.,* 342 F.2d 914 (D.C.Cir.1964), *cert. denied* 381 U.S. 904, 85 S.Ct. 1446, 14 L.Ed.2d 286 (1965)). The burden of demonstrating excusable neglect to the Court's satisfaction rests on the party seeking the extension. *In re Auto Specialties Mfg. Co.,* 133 B.R. 384 (Bkrtcy.W.D.Mich.1991) citing *Yonofsky v. Wernick,* 362 F.Supp. 1005, 1012 (S.D.N.Y.1973).

In *In re Pioneer Inv. Services Co.,* 943 F.2d 673 (6th Cir.1991), the Court adopted the standards for assessing "excusable neglect" as previously applied by the Ninth Circuit in *In re Dix,* 95 B.R. 134 (Bankr. 9th Cir.1988). In *Dix,* at page 138, the Court articulates five factors for consideration in whether a creditor has satisfied the requirements regarding excusable neglect as found in Bankruptcy Rule 9006. The factors are as follows: 1) whether granting a delay will prejudice the debtor; 2) the length of the delay and its impact on efficient court administration; 3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; 4) whether the creditor acted in good faith; and 5) whether clients should be penalized for their counsel's mistake or neglect.

Mr. Faist did not move for an enlargement of the time within which to file his claim, as available under Rule 9006(b)(1)(1). Even if he had, Rule 9006(b)(1)(2) requires that he demonstrate excusable neglect.

In his response to the objection, Mr. Faist states only that he was unaware of the technical requirement that would have required an interim billing for services rendered by April 17, 1992. Yet, on or about March 24, 1992, Peat Marwick received notice that the deadline for filing administrative claims was April 17, 1992. Since Mr. Faist has failed to rebut the presumption that he received notice of the bar date, he is left without excuse. Mr. Faist has failed to establish any facts for this Court to consider whether "excusable neglect" exists. The evidence given this Court by Mr. Faist cannot withstand the scrutiny of standards regarding excusable neglect as set forth in *In re Pioneer, supra.* This Court finds that the reason given does not rise to the level of excusable neglect.

In reaching this conclusion, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

ORDERED that Alta Holding, Inc.'s Objection to Richard R. Faist's First Application for Interim Compensation and Reimbursement of Expenses in the amount of Two Thousand Nine Hundred Twenty–Five Dollars ($2,925.00) be, and hereby is, Sustained.