**In re LTV STEEL COMPANY, INC., et al., Debtors.**

No. 00–43866.

United States Bankruptcy Court, N.D. Ohio.

May 16, 2002.

776

Strauss, Hauer & Feld, L.L.P., New York City, for Official Noteholders Committee.

Ira Bodenstein, Cleveland, OH, United States Trustee.

## ORDER

WILLIAM T. BODOH, Chief Judge.

This cause is before the Court on the request of JWP/Hyre Electric Co. of Indiana, Inc. ("Movant") for immediate payment of administrative expenses. Movant submitted an amended request reducing its original claim. LTV Steel Company, Inc., Debtor and Debtor–in–Possession ("Debtor") in this Chapter 11 proceeding, filed a response opposing the request. Movant replied to Debtor's opposition memorandum. On February 19, 2002, a hearing was held on this matter. Kenneth D. Reed, Esq. appeared on behalf of Movant. Heather Lennox, Esq. appeared on behalf of Debtor. This is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(B). The following constitutes the Court's findings of fact and conclusions of law pursuant to FED. R. BANKR. P. 7052.

### DISCUSSION

#### A. *Facts*

The parties do not dispute the fact that Movant provided post-petition labor and materials to Debtor. Beyond that, the parties dispute most facts, including the amount of Movant's administrative expense claim.

Movant states that it furnished labor and materials to Debtor based upon assurances from Debtor that the work would be paid for in full. Movant claims that Debtor's assurances stem from a motion that later yielded the Court's December 29, 2000 order confirming the administrative

David G. Heiman, Esq., Heather Lennox, Esq., Jones, Day, Reavis & Pogue, Cleveland, OH, for Debtor.

Kenneth D. Reed, Esq., Abrahamson & Reed, Hammond, IN, for JWP/Hyre Electric Co. of Indiana, Inc.

James G. McLean, Esq., Manion McDonough & Lucas, P.C., Pittsburgh, PA, Lisa G. Beckerman, Esq., Akin, Gump,

expense priority status of Debtor's undisputed obligations to suppliers for the post-petition delivery of goods and provision of services ("Supplier Order"). (*See* December 29, 2000 Motion of Debtors and Debtors in Possession for an Order Confirming the Administrative Expense Priority Status of the Debtors' Undisputed Obligations to Suppliers for the Post-petition Delivery of Goods and Provision of Services.) Movant claims that it was further induced to rely on Debtor's assurances because this Court sanctioned Debtor's assurances in the Supplier Order.[1]

Debtor claims that its motion was never intended to guarantee immediate payment of claims. Debtor argues that its motion simply stated that Debtor had authority to pay administrative liabilities incurred in the ordinary course of business. Moreover, in bankruptcy law, Debtor claims that "assurance" of payment is not tantamount to "guarantee" of payment.

## B. *Issues*

Originally, Movant merely requested immediate payment of post-petition administrative expenses. However, in its reply, Movant added requests for attorney fees and disgorgement of fees from Debtor's counsel sufficient to pay Movant's claim. At the February 19, 2002 hearing concerning this matter, Movant alleged fraud.

## C. *Analysis*

### 1. *Movant's Administrative Expense Claim*

■ In its amended motion, Movant seeks Seven Hundred Eighteen Thousand Fifty–Seven and 26/100 Dollars ($718,-057.26) in post-petition administrative expenses. Debtor does not object to the allowance of Movant's administrative expense claim. However, Debtor objects to the amount, submitting that its books only reflect Four Hundred Forty–One Thousand Five Hundred Fifty–Five and 76/100 Dollars ($441,555.76) due to Movant. Debtor claims that third-party contractors owe Movant the difference. Because there remains no dispute concerning whether a claim exists, the Court sustains Movant's request to the extent that it seeks allowance of administrative expenses, pending reconciliation by the parties of the amount of the claim against the estate.

### 2. *Immediate Payment*

■ Movant seeks immediate payment of its administrative expense claim. Debtor objects. This Court will not order immediate payment for the following reasons.

■ The Bankruptcy Code permits the payment of post-petition expenses, however it does not require immediate payment. For example, if a business is a going concern, a debtor has the power to enter into post-petition transactions, including payment of expenses, using property of the estate in the ordinary course of business. *See* 11 U.S.C. § 363(c)(1). Payment of expenses using cash collateral is permitted, but requires consent from the court or an entity with interest in the collateral. *See* 11 U.S.C. § 363(c)(2). However, § 363 never requires the immediate payment of expenses. Similarly, § 503 permits claims for administrative expenses, however it does not require immediate payment of these expenses. *See* 11 U.S.C. § 503.

■ Although bankruptcy courts have the power to order payments, this power must be balanced against the Code's mandate that administrative expense claims shall be distributed in *pro rata* shares. *See* 11 U.S.C. § 726(b). Moreover, ordering immediate payment does not guarantee a creditor will keep the payment because

---

1. This Court vacated the Supplier Order on February 14, 2002.

interim payments are subject to reexamination by the court and adjustment. *See In re Kaiser Steel Corp.*, 74 B.R. 885, 891 (Bankr.D.Colo.1987). If some administrative expenses are paid before all administrative expenses are accounted for, and it is later determined that insufficient funds exist, claimants that did not receive interim payments could receive unequal treatment. *See In re Vernon Sand & Gravel, Inc.*, 109 B.R. 255, 258 (Bankr.N.D.Ohio 1989). Entities receiving interim payments may receive a larger portion of the estate than those entities that did not receive interim payments. In the alternative, claimants receiving interim payments could be "required to disgorge funds so that all administrative claims share pro-rata." *Id.* at 258 (*quoting Kaiser*, 74 B.R. at 891).

▆▆▆▆ The size of this case must be taken into account prior to ordering payment of piecemeal expenses. Rather than ordering immediate payment of individual claims on an *ad hoc* basis, the Court mandates prompt resolution of all administrative expense claims. "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this [bankruptcy] title." 11 U.S.C. § 105(a). "Consistent with this power is the Court's authority to set deadlines for the submission of administrative expenses." *In re Reams Broad. Corp.*, 153 B.R. 520, 522 (Bankr.N.D.Ohio 1993). In the interest of efficiency and fairness to all administrative claimants, this Court has set an administrative expense deadline and ordered the presentment of all administrative expenses by the close of business May 20, 2002. (*See* Order dated March 7, 2002 at 3.) The administrative expense deadline

stems from the policy that " '[i]t is essential that administrative claims, which are entitled to first priority in a bankruptcy distribution, be established with finality before any distribution may be made to any subordinate classes of creditors.' " *Reams*, 153 B.R. at 522–23 (*quoting In re Holywell Corp.*, 68 B.R. 134, 137 (Bankr. S.D.Fla.1986)). By establishing an administrative expense bar date, this Court expedited the process by which all claimants, including Movant, may receive resolution of their claims.

In summary, Movant's request for immediate payment of administrative expenses is overruled because: (1) the Bankruptcy Code provides for permissive payments, rather than immediate payment, and (2) ordering immediate payment contradicts the Code's *pro rata* distribution to administrative expense claimants.

### 3. *Disgorgement of Fees*

Movant's motion did not seek disgorgement. Movant first requested disgorgement in its reply.

▆▆▆▆ Bankruptcy courts have jurisdiction over the allowance of professional fees charged in a bankruptcy case. *See* 11 U.S.C. § 329; *Henderson v. Kisseberth (In re Kisseberth)*, 273 F.3d 714, 719 (6th Cir. 2001). Courts have interpreted § 329 to allow disgorgement of attorney fees charged in connection with a bankruptcy case. *See id.* at 718–19. However, disgorgement is a harsh remedy that should only be applied in extreme situations.[2] *See United States v. Schottenstein, Zox & Dunn (In re Unitcast, Inc.)*, 219 B.R. 741, 753 (6th Cir. BAP 1998) (*quoting In re*

---

**2.** For example, "a bankruptcy judge has authority to order disgorgement of interim compensation when an estate turns out to be administratively insolvent[.]" *Unitcast,* 219

B.R. at 752 (citations omitted). Attorney fees may also be disgorged when an attorney inadvertently fails to report fees. *See Kisseberth,* 273 F.3d at 721.

*Anolik,* 207 B.R. 34, 39 (Bankr.D.Mass. 1997)).

Movant seeks disgorgement of counsel for Debtor's attorney fees so that its administrative expense claim may receive immediate payment. This Court has already determined that it will not order immediate payment of Movant's administrative expense claim. *See supra* Part C.2. Therefore, Movant's disgorgement request is overruled as moot.

### 4. *Fraud*

■ Throughout its request for administrative expenses, Movant claimed to have been induced into providing labor and equipment, however Movant did not claim to have been defrauded until the hearing. Averments of fraud must be stated with particularity. *See* FED. R. BANKR. P. 7009(b); FED. R. CIV. P. 9(b). In determining whether fraud is pled with sufficient particularity "[t]he threshold test is whether the complaint places the defendant on 'sufficient notice of the misrepresentation,' allowing the defendant[ ] to 'answer, addressing in an informed way plaintiffs [sic] claim of fraud.'" *Coffey v. Foamex L.P.,* 2 F.3d 157, 162 (6th Cir.1993) (citation omitted).

■ In this case, Movant failed to plead fraud with sufficient particularity. The word "fraud" never appeared in the original nor in the amended pleadings. Movant's title merely sets forth a claim for administrative expenses. The fact that Movant's pleadings failed to provide sufficient notice of a fraud claim is further evidenced by the fact that Debtor, in its objection, posed no argument rebutting fraud. Movant first clearly claimed to have been defrauded at the February 19th hearing. (*See* Transcript of February 19, 2002 hearing at 22.) Debtor must be given an opportunity to answer a fraud claim in an informed way. Therefore, the Court will reserve judgment on Movant's fraud allegation until it is properly before the Court.

### 5. *Attorney Fees*

Movant's motion did not seek attorney fees. Movant first requested attorney fees in its reply.

■ In cases brought under federal law, the "American Rule" is followed. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141, 147 (1975). Under the American Rule, "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Id.*

■ Exceptions to the American Rule exist. For example, attorney fees are recoverable when there exists: (1) specific statutory authority; (2) a contractual right or (3) aggravated conduct (*i.e.,* willful disobedience of a court order or bad faith). *See Alyeska,* 421 U.S. at 257–58, 95 S.Ct. at 1621–22 (citations omitted); *see also In re Monclova Care Ctr., Inc.,* 254 B.R. 167, 179 (Bankr.N.D.Ohio 2000) (citation omitted). The statutory authority exception to the American Rule does not support an award of attorney fees in this matter. Although several Bankruptcy Code provisions expressly provide for attorney fees as a sanction, see 11 U.S.C. §§ 110(i)(1)(C), 362(h), 363(n), none of these provisions are relevant to issues raised in this proceeding. Moreover, Movant failed to cite a statute supporting its request for fees. Therefore, there is no statutory authority before this Court to support awarding attorney fees in this matter. Further, Movant failed to present the Court with evidence supporting a contractual right or aggravated conduct necessitating an award of attorney fees. Therefore, applying the American Rule and its exceptions, Movant's request for attorney fees is overruled.

## CONCLUSION

For the reasons stated above, the Court sustains Movant's request for allowance of administrative expenses, pending reconciliation by the parties of the amount of the expense claim. The Court retains jurisdiction over this matter if the parties fail to reconcile the amount of the expense claim. The Court overrules Movant's request for immediate payment, disgorgement and attorney fees. Finally, the Court reserves judgment on Movant's fraud allegation until the claim is properly before the Court. Accordingly, JWP/Hyre Electric Co. of Indiana, Inc.'s motion is sustained in part and overruled in part, consistent with this order.

IT IS SO ORDERED.