**In re Kevin/Adrienne KOLIBA, Debtors.**

**No. 05–74612.**

United States Bankruptcy Court, N.D. Ohio.

Jan. 20, 2006.

John N. Graham, Toledo, OH, trustee.

Nathan A. Hall, Ericka S. Parker, H. Buswell Roberts, Dean Wyman, Shumak-er, Loop & Kendrick, LLP, Toledo, OH, for debtor.

## DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause is before the Court after a Hearing on the Motion of the United States Trustee to Review and Deny Fees of the Debtors' Attorney, Ericka Parker. This Hearing was heard in conjuncture with the related Motion brought by the United States Trustee to Dismiss the Debtors' case. After having now considered the issues raised by the Motion of the United States Trustee to Review and Deny Fees, the Court finds, for the reasons set forth below, that the Motion should be Denied.

## BACKGROUND

On December 12, 2005, the United States Trustee (hereinafter the "UST") filed the instant Motion to Review and Deny Fees; at the same time, the UST filed its related Motion to Dismiss. In a Memorandum Opinion and Decision entered on January 17, 2006, the Court Denied the Motion of the UST to Dismiss. In both of its respective Motions, the UST set forth that the "basis for this request is that counsel effected an electronic filing of a petition without the debtors first having signed a petition." (Doc. Nos. 8 & 9, at pg. 1). And given this commonality, the Court hereby incorporates into this Decision those findings and conclusions as set forth in this Court's prior Decision denying dismissal, subject to the discussion below:

By way of its Motion to Review and Deny Fees, the UST seeks to have Debtors' Attorney, Ericka Parker, disgorge all of the fees she received for representing the Debtors in connection with their bankruptcy case. In the alternative, the UST

asks for the partial disgorgement of her fees. This Court has "core" jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(A)/(O).

Section 329(a) requires that "[a]ny attorney representing a debtor" to disclose any fee arrangements. *In re Big Rivers Electric Corp.,* 355 F.3d 415, 428 (6th Cir.2004); *see also* FED. R. BANK.P. 2016. This section vests upon the bankruptcy courts the authority to review all professional fees paid to the debtor's attorney. Inherent in this authority is the power of a bankruptcy court to issue sanctions, including the disgorgement of fees, both in full and in part, when an attorney fails to satisfy the requirements of the Bankruptcy Code and Rules. *In re Kisseberth,* 273 F.3d 714, 721 (6th Cir.2001); *In re Downs,* 103 F.3d 472, 478 (6th Cir.1996).

The UST's position for disgorgement rests solely on the failure of Attorney Parker to comply with rules regarding bankruptcy procedure. (Doc. No. 9, at pg. 3). More specifically, the signature requirements related to Electronic Case Filing. In opposition to the Motion of the UST, Attorney Parker, while acknowledging her errors, set forth that the sanction of disgorgement is not commensurate with the violation. In making this argument, Attorney Parker pointed to these uncontested facts: curative measures were successfully taken to remedy the procedural errors regarding the omission of signatures; and no harm or prejudice befell any party because of the procedural errors. As it regards the former, however, the UST countered that the curative measures undertaken by Attorney Parker to correct the procedural defects only compounded the problem as it resulted in inaccurate statements being made.

Attorneys are officers of the court, as well as professionals. As such, they are held to a high standard regarding their knowledge of Court Rules and Administrative Procedures. In the absence, therefore, of very extenuating circumstances, an attorney may not plead ignorance to procedural rules. This is especially true here: Attorney Parker signed an agreement with the Court acknowledging the signature requirements which she then failed to follow.

It was suggested during the Hearing that a remedial course might be made available for the attorneys to reacquaint them with the procedure manual. The Court declines to offer such a course for attorneys who are schooled in the law and able to discern their obligations under the manual. Attorneys and other professionals who receive hundreds and thousands of dollars for their services, who fail to follow bankruptcy rules and procedures, are illserved in defending this failure with the plaintive cry "there should be a remedial course available."

An attorney who fails to comply with a court's procedural requirements may be subject to sanctions. *See generally, Walton v. LaBarge (In re Clark),* 223 F.3d 859, 864 (8th Cir.2000) (bankruptcy court has inherent authority to impose civil sanctions for abuses of the bankruptcy process). Yet, as sanctions go, the disgorgement of fees is one of the more extreme measures, and as such, has been limited in its use. *See In re LTV Steel Co., Inc.,* 288 B.R. 775, 779 (Bankr.N.D.Ohio 2002) ("[D]isgorgement is a harsh remedy that should only be applied in extreme situations."). In this way, a review of Sixth Circuit precedent shows that, when involving a bankruptcy matter, the disgorgement of fees generally only follows when an attorney violates those specific provisions of the Bankruptcy Code— § 327 through § 331—and the Bankruptcy Rules—2016 and 2017—which directly gov-

ern an attorney's duties, responsibilities, and qualifications as a professional before the Court. Particular examples include:

*In re Big Rivers Electric Corp.,* 355 F.3d 415 (6th Cir.2004), affirming disgorgement of fees where examiner violated his duty to remain disinterested and loyal, and violated his duty to disclose payments promised to him as privately negotiated success fees, noting that although the examiner was "[h]ired to serve the estate's interests, he started down a path that served his own"; *Schilling v. Heavrin (In re Triple S Restaurants),* 130 Fed.Appx. 766, No. 04–5330, 2005 WL 1109615 (6th Cir. May 10, 2005) (unpublished) (per curiam), upholding partial disgorgement where, in violation of § 329, attorney failed to report a fee sharing arrangement and keep detailed reports of prepetition billable hours; *Specker Motor Sales Co. v. Eisen,* 393 F.3d 659 (6th Cir.2004), fees paid to attorney under §§ 330 and 331 must be disgorged when necessary to achieve a proper, *pro rata,* distribution to all administrative claimants; *Henderson v. Kisseberth (In re Kisseberth),* 273 F.3d 714 (6th Cir.2001), an attorney's serious violations of his disclosure obligations under § 329 is alone sufficient to support disgorgement; *In re Downs,* 103 F.3d 472, (6th Cir.1996), an attorney's failure to disclose fee arrangement as required under § 329 warranted full disgorgement and denial of fees.

█ In contrast, general violations of an attorney's duties—including the failure to follow procedural rules—are normally handled and sanctioned in a different manner. A prime example includes the commencement of an action under Bankruptcy Rule 9011; another common remedy, an action brought by an injured party for compensatory damages (i.e., a malpractice suit). But even where the disgorgement of fees may be viewed as a viable sanction

for a bankruptcy professional, the Sixth Circuit Court of Appeals has cautioned that, "[w]hen a court metes out a sanction, it must exercise such power with restraint and discretion. The sanction levied must thus be commensurate with the egregiousness of the conduct." *In re Downs,* 103 F.3d 472, 478 (6th Cir.1996). Resultantly, technical breaches of the Bankruptcy Code and Rules will not generally require the disgorgement of a professional's fees. *See Id.*

█ When placed under this lens, a number of things mitigate against disgorgement, the first of which is simply the overall posture of the UST's action. It would not appear that the instant Motion of the UST to Review and Deny Fees was meant to stand fully on its own. Rather, the actual substance of the UST's position, regarding the consequence(s) of signature defects in bankruptcy petitions, centered on its Motion to Dismiss; but through the Court's Memorandum and Opinion dated January 17, 2006, this Motion has already been denied. As a result, the procedural errors made by Attorney Parker did not result in any harm or prejudice to the Debtors or another interested party.

█ Although this does not necessarily make the UST's Motion to Deny Fees moot,—the no harm, no foul argument cannot be used to defend against an action for disgorgement—the failure of the UST to prevail in the substantive aspects of its primary action does help to illustrate the limited scope of Attorney Parker's procedural errors. As such, it does provide mitigating weight against disgorgement. Further and similar mitigating factors also take hold.

█ As was set forth throughout this Court's prior Memorandum and Opinion, the signature defects upon which the UST relies for its position were minor and tech-

nical in nature. The defects were also easily correctable, and were, in fact, timely cured. As also noted in this Court's Opinion: "Bankruptcy courts are courts of equity, and equity holds that substance will prevail over form. But the remedy sought by the UST,—that of dismissing the Debtors' case—elevates to new heights doing just the opposite: placing form over substances." (Doc. No. 26, at pg. 5) (internal citation omitted).

 Together, all these points weigh heavily against disgorgement. Further, they all come together to support what is a critical mitigating consideration against disgorgement: the errors at issue were the result of a subjective belief on the part of Attorney Parker, albeit incorrect, that she was in compliance with bankruptcy procedure. Disgorgement is rarely appropriate under this type of circumstance where a party conducts their affairs in good faith. *In re LTV Steel Co., Inc.,* 288 B.R. 775, 779 (Bankr.N.D.Ohio 2002). The goal of disgorgement is not to compensate, but is rather punitive, designed to discourage behavior and punish attorneys for their violations. *Berkeley Ltd. Partnership v. Arnold, White & Durkee,* 118 F.Supp.2d 668, 674 (D.Md.2000).

In this particular matter, it thus becomes difficult to see how the imposition of a punishment, especially as severe as disgorgement, would serve any useful purpose. In coming to this conclusion, however, the Court makes this implicit assumption: the Motions brought by the UST will deter any repeat of the procedural violations which gave rise to this matter in the first place.

It stands to reason then that, to the extent that this assumption is found in the future to be incorrect, the Court will have to completely revisit those conclusions made herein.

In summary, based upon the precedent in this Circuit, there exist sufficient mitigating considerations so as to make the sanction of disgorgement inappropriate against Attorney Parker. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

***ORDERED*** that the Motion of the United States Trustee to Review and Deny Fees, be, and is hereby, DENIED.